IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MATTHEW LEWIS HARRIS,**

        **Plaintiff,**

v.                                                                   Case 2:17-cv-02563-SHM-cgc

**FUJITSU AMERICA INTERNATIONAL,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY,
AND COMPEL ARBITRATION, PLAINTIFF'S FIRST MOTION FOR LEAVE TO
AMEND, AND PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND**

---

Before the Court are the following motions: Defendant's Motion to Dismiss, or in the Alternative to Stay, and Compel Arbitration ("Motion to Dismiss") (Docket Entry "D.E." #9); Plaintiff's First Motion for Leave to Amend (D.E. #15); and, Plaintiff's Second Motion for Leave to Amend (D.E. #17). The instant motions were referred for Report and Recommendation.[1] For the reasons set forth herein, it is RECOMMENDED that Plaintiff's First Motion for Leave to Amend Complaint and Plaintiff's Second Motion for Leave to Amend Complaint be DENIED and Defendant's Motion to Dismiss be DENIED WITHOUT PREJUDICE.

---

[1] **Error! Main Document Only.**The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

I.      Introduction

On August 7, 2017, Plaintiff Matthew Lewis Harris ("Plaintiff" or "Harris") filed a *pro se* Complaint against Defendant Fujitsu America International ("Defendant" or "Fujitsu") alleging violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") (Compl. at 1 ¶ 1). Plaintiff alleges that he was discriminated against, retaliated against, suffered defamation of character, and that his employment was terminated on the basis of his race.[2] (Compl. at 3 ¶ 6, ¶ 9). Specifically, Plaintiff alleges that he was laid off six day after reporting harassment to human resources. (Compl. at 4 ¶ 10). Ultimately, Plaintiff requests a trial by jury. Attached to his Complaint were his August 1, 2016 Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination, which alleged discrimination on the basis of race and retaliation, as well as his EEOC Dismissal and Notice of Rights letter. (D.E. #1-1).

On August 24, 2017, Defendant filed its Motion to Dismiss asserting that Harris signed a written Agreement to Arbitrate. Thus, Defendant argues that the Court should dismiss, or, in the alternative, stay these proceedings and enter an Order compelling Harris to submit his claims to final and binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), in accordance with the terms of the parties' written arbitration agreement. As an attachment to the Motion to Dismiss, Fujitsu provided the Declaration of Valerye Spratling ("Spratling") and the Agreement to Arbitrate. (Spratling Decl. ¶¶ 4-6 & Exh. A). (Spratling Decl., Exh. A, ¶1).

---

[2] The *pro se* Complaint form asks Plaintiff to state his race if he alleges discrimination on that basis; however, Plaintiff did not do so. (Compl. at 3-4 ¶9).

Although Local Rule 12.1(b) required Plaintiff to respond to Fujitsu's Motion to Dismiss within 28 days, Plaintiff failed to do so. Thus, the Court issued an Order to Show Cause, to which Plaintiff responded on October 11, 2017. (D.E. #14); however, Plaintiff did not address Fujitsu's argument that his case should be dismissed or stayed due to the Agreement to Arbitrate.

On November 28, 2017, Plaintiff filed his First Motion for Leave to Amend. (D.E. #15). Plaintiff seeks to add a claim for "malice and retribution" and provides several exhibits in support of his request (D.E. #15); however, Plaintiff does not submit a proposed Amended Complaint or provide a legal basis for his proposed claim. Further, in the style of Plaintiff's First Motion for Leave to Amend, he adds the names of three individuals who are not named defendants in this action, although he does not specifically request that the Complaint be amended to add them as Defendants.

On December 1, 2017, Fujitsu responded that Plaintiff's First Motion for Leave to Amend fails to articulate how he seeks to amend the Complaint and only addresses the same allegations and events as contained in his original Complaint. (D.E. #16). Fujitsu states that the First Motion for Leave to Amend does not contain any basis for adding the additional defendants as parties. Finally, Fujitsu states that Plaintiff's First Motion to Amend does not seek as much to amend his Complaint as it seeks to introduce evidence in support of his claims, which is an improper purpose. Fujitsu continues to assert that the Complaint and any "amended" complaint is subject to dismissal and binding arbitration under the Agreement to Arbitrate and the Federal Arbitration Act. Thus, Fujitsu argues that Plaintiff's First Motion for Leave to Amend should be denied as futile.

3

On December 18, 2017, Plaintiff filed his Second Motion for Leave to Amend. (D.E. #17). He specifically stated that he seeks to add three new Defendants—Scott Staller, Gayle Krieger, and Troy Guinn—whom he alleges "were significantly involved in the planning and perpetrating of the technical fraud scheme that victimized the Plaintiff[']s employment with Fujitsu." Plaintiff further seeks to amend his Complaint to allege that Fujitsu and these individuals violated the "Tennessee Whistleblower Act" and committed malice and retribution. Plaintiff again did not provide a proposed Amended Complaint, although he does provide a Memorandum in Support of his Motion as well as further exhibits.

On December 21, 2017, Fujitsu responded to Plaintiff's Second Motion for Leave to Amend. (D.E. #18). First, Fujitsu states that Plaintiff failed to address the Agreement to Arbitrate or Fujitsu's arguments concerning that agreement. Second, Fujitsu argues that leave to either amend to include a claim for violation of the "Tennessee Whistleblower Act" or add individual defendants under this claim should be denied as futile. Finally, Fujitsu asserts that leave to file amended claims against it must be denied as futile as well because they are also subject to arbitration.

## II.   PROPOSED ANALYSIS

### A.   *Plaintiff's Motions for Leave to Amend*

The Court will begin by addressing Plaintiff's Motions for Leave to Amend to determine the operative pleading in this case. Although leave to amend should be freely granted, Fed. R. Civ. P. 15(a), such leave should not be granted in cases of "undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Foman v. Davis*, 371 U.S. 178 (1962).

As to Plaintiff's First Motion for Leave to Amend, Plaintiff states that he seeks to add a claim for "malice and retribution" but provides no legal basis for such a claim. Although pleadings and documents filed by pro se litigants are to be "liberally construed," *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), District Courts "are not required to create a *pro se* litigant's claim for him." *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).[3]

Additionally, it is clear from the allegations in Plaintiff's Motion that this proposed claim pertains to Fujitsu's termination of his employment in response to his complaints to human resources. Thus, even if the Court were to conclude that Plaintiff had set forth a basis for his "malice and retribution" claims under the law, which he has not, Fujitsu has already proffered that the Agreement to Arbitrate signed by Plaintiff applies to "any dispute with Fujitsu . . . in any way arising out of the termination of your employment, any demotion, or arising out of any claim of discrimination." Plaintiff has not disputed the existence, validity, or scope of the Agreement to Arbitrate. Thus, it is RECOMMENDED that this proposed amended is futile not only because it fails to state a basis in the law but is also futile given the Agreement to Arbitrate.

Further, Plaintiff names three individuals in the style of the First Motion to Amend that are not named defendants in the case. To the extent Plaintiff seeks to amend his Complaint to name these individuals as Defendants, Title VII limits liability to "employers." 42 U.S.C. § 2000e-2(a)(1); *see also Anwar v. Dow Chem. Co.*, No. 15-cv-12708, 2016 WL 304741, at *5 (E.D. Mich. Jan. 26, 2016) (citing cases). Officers, supervisors, managers and employees are not

---

[3] The Court notes that a "malice" or "reckless indifference" standard for imposing punitive damages exists in Title VII actions, *Koldstad v. American Dental Ass'n*, 527 U.S. 526, 536-46 (1999); however, Plaintiff's First Motion to Amend neither mentions a request to seek punitive damages nor does it explain how his discrimination claims are not covered under the Agreement to Arbitrate.

individually liable under Title VII. *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003) ("Title VII does not create individual liability for individuals in supervisory positions"); *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("Congress did not intend to provide for individual/supervisor liability under Title VII"). Thus, it is RECOMMENDED that Plaintiff's request to name individual defendants is also futile. Accordingly, it is RECOMMENDED that Plaintiff's First Motion for Leave to Amend be DENIED due to the futility of the proposed amendments.

As to Plaintiff's Second Motion to Amend, he again seeks to name the same three individual defendants as he included in the style of his First Motion to Amend as named defendants. For the reasons already set forth above, it is RECOMMENDED that Plaintiff's request to name these defendants is futile. Plaintiff also renews his request to add a claim for "malice and retribution," which the Court RECOMMENDS is also futile for the reasons already set forth.

Finally, Plaintiff requests to add a claim under the "Tennessee Whistleblower Act," which is the common name for the Tennessee Public Protection Act ("TPPA"), as codified at Tennessee Code Annotated §§ 50-1-304, *et seq.* It states that "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann. § 50-1-304(b). "Illegal activities" are defined as "activities that are in violation of the criminal or civil code of this state or the United States or any regulation to protect the public health, safety, or welfare." *Id*. § 50-1-304(a)(3).

While Fujitsu disputes whether Plaintiff even complains of any "illegal activities," it is undisputed that a plaintiff must assert that his or her whistleblowing serves a public purpose that

should be protected to sustain a TPPA claim. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W. 3d 528, 537 n.4 (Tenn. 2002). So long as the employee's actions are not merely private or proprietary but instead seek to further the public good, the decision to expose illegal or unsafe practices should be encouraged. *Id*. Yet, when a plaintiff is only bringing a private claim regarding an employer's response to an internal communication, a TPPA claim must fail. *Phipps v. Accredo Health Grp.*, 2016 WL 3448765, at *21 (W.D. Tenn. 2016) ("[N]othing about Plaintiff's internal communication amounted to whistleblowing, which would promote the public interest, as opposed to Plaintiff's merely 'private or proprietary' interests"). Plaintiff's Complaint states that he was laid off six days after reporting harassment to human resources. It does not allege any public communication regarding the conduct or action taken to promote the public interest. Accordingly, it is RECOMMENDED that Plaintiff's TPPA claim is futile as it does not serve a public purpose but is merely a private discrimination action. Thus, it is RECOMMENDED that Plaintiff Second Motion for Leave to Amend be DENIED due to the futility of the proposed amendments.

### B. *Motion to Dismiss*

As the Court RECOMMENDS that Plaintiff's First Motion for Leave to Amend and Second Motion for Leave to Amend be DENIED, it is RECOMMENDED that the operative Complaint in the instant case is the original Title VII Complaint. Fujitsu has proffered the Agreement to Arbitrate for the Court's consideration. The Agreement to Arbitrate is not attached to or referenced in the Plaintiff's Complaint. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "All

parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*. With respect to what documents may be considered outside a pleading, "[d]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *See Fremont Reorganizing Corp. v. Duke*, 811 F. Supp. 2d 1323, 1334 (E.D. Mich. 2011) (internal citations and quotations omitted). "Even if a document is not attached to a complaint or answer, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Id*. "Further, where the plaintiff does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference then the motion need not be converted to one for summary judgment." *Id*. "In addition, a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id*. However, if the Court considers an affidavit attached to a motion to dismiss, the Court must convert the motion into one for summary judgment." *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 255 F.R.D. 443, 446 (W.D. Mich. 2009).

Here, the Agreement to Arbitrate was provided as an attachment to the Spratling Declaration with Fujitsu's Motion to Dismiss. It was not referenced in Plaintiff's Complaint or attached thereto. Accordingly, it is RECOMMENDED that the Court not consider the matters presented outside the pleadings. Under this Court's Scheduling Order and Trial Setting, discovery is still ongoing through March 19, 2018. To allow Plaintiff a reasonable opportunity to present all the material that is pertinent to the motion in his response, the Court

RECOMMENDS that Plaintiff's Motion to Dismiss be DENIED WITHOUT PREJUDICE to be refiled as a Motion for Summary Judgment at the conclusion of the discovery period.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's First Motion for Leave to Amend Complaint (#15) and Plaintiff's Second Motion for Leave to Amend Complaint (#17) be DENIED and Defendant's Motion to Dismiss (#9) be DENIED WITHOUT PREJUDICE.

**DATED** this 21st day of February, 2017.

                                                 s/ Charmiane G. Claxton
                                                 CHARMIANE G. CLAXTON
                                                 UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**