```
IN THE UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

|                              |   |                       |
|------------------------------|---|-----------------------|
| **MATTHEW LEWIS HARRIS,**    ) |                       |
|                              ) |                       |
| Plaintiff,                   ) |                       |
|                              ) | No. 17-cv-2563-SHM-cgc |
| v.                           ) |                       |
|                              ) |                       |
| **FUJITSU AMERICA**          ) |                       |
| **INTERNATIONAL,**           ) |                       |
|                              ) |                       |
| Defendant.                   ) |                       |
|                              ) |                       |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), filed on February 21, 2018. (ECF No. 19.) The Report recommends denying Defendant Fujitsu America International's ("Fujitsu") Motion to Dismiss, or in the Alternative to Stay, and Compel Arbitration (the "Motion to Dismiss") (ECF No. 9). The Report also recommends denying Plaintiff Matthew Lewis Harris's two motions for leave to amend complaint (ECF Nos. 15 & 17). Fujitsu objected on February 26, 2017. (ECF No. 20.) Harris has not objected, and the deadline to do so has passed.

For the following reasons, the Report is ADOPTED in part and REJECTED in part. Harris's motions for leave to amend

complaint are DENIED.  Fujitsu's Motion to Dismiss is GRANTED.
Harris's complaint is DISMISSED.

**I.   Background**

On August 7, 2017, Harris filed a *pro se* complaint against Fujitsu, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (Compl., ECF No. 1 ¶ 1.)  Plaintiff alleges that he was discriminated against based on his race, retaliated against, and suffered defamation of character (Id. ¶¶ 3, 6.)  He alleges that his employment was terminated after he reported harassment.  (Id. ¶¶ 9-10.)

Fujitsu filed its Answer on August 24, 2017.  (ECF No. 8.) The same day, Fujitsu filed the Motion to Dismiss, seeking to dismiss or stay based on a 2008 Agreement to Arbitrate between the parties (the "Arbitration Agreement").  (ECF No. 9; ECF No. 8-1.)

On September 28, 2017, United States Magistrate Judge Charmian G. Claxton ordered Harris to show cause within 14 days why the Court should not "file a Report and Recommendation recommending that the District Court enter an Order granting the Motion."  (ECF No. 47.)

Harris responded to the Magistrate Judge's order on October 11, 2017.  (ECF No. 14.)

On November 28, 2017, Harris filed a Motion for Leave to File Amended Complaint, seeking to add three individual defendants and bring a claim for "malice and retribution." (ECF No. 15.) Fujitsu responded on December 1, 2017. (ECF No. 16.)

On December 18, 2017, Harris filed another Motion for Leave to File Amended Complaint, seeking to add three defendants, bring a claim for "malice and retribution," and bring a claim under the Tennessee Public Protection Act, T.C.A. §§ 50-1-34, et seq. (ECF No. 17.) Fujitsu responded on December 21, 2017. (ECF No. 18.)

On February 21, 2018, the Magistrate Judge entered the Report. (ECF No. 19.) It recommends denying Harris's motions to amend and Fujitsu's Motion to Dismiss. (Id.) The Report concludes that, as to a claim for "malice and retribution," Harris's "proposed amended [complaint] is futile not only because it fails to state a basis in the law but is also futile given the Agreement to Arbitrate." (Id. at 111.) The Report concludes that Harris's attempt to add three individual defendants is futile because "[o]fficers, supervisors, managers and employees are not individually liable under Title VII." (Id. at 111-12.) The Report also concludes that Harris's Tennessee Protection Act claim is futile because "[i]t does not

3

allege any public communication regarding the conduct or action taken to promote the public interest." (Id. at 113.)

The Report recommends denying Fujitsu's Motion to Dismiss because the Arbitration Agreement is "not attached to or referenced in the Plaintiff's Complaint," and thus cannot be considered on motion to dismiss. (Id. at 113-14.)

Fujitsu objected on February 26, 2018. (ECF No. 20.) Harris has not objected to the Report.

## II. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is

4

not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

## III. Analysis

### A. Motions to Amend

The parties do not object to the Report's findings or conclusion as to Harris's motions to amend. That portion of the Report is ADOPTED. Arn, 474 U.S. at 150.

### B. Motion to Dismiss

Fujitsu objects to the Magistrate Judge's conclusion "that the Court cannot consider the arbitration agreement because it is not contained in the pleadings and that to do so converts Fujitsu's [motion to dismiss] into a motion for summary judgment." (ECF No. 20 at 117.) Fujitsu argues that the Magistrate Judge erred in concluding "that[,] because the time for discovery has not expired, [Fujitsu's Motion to Dismiss] should be denied without prejudice." (Id.)

The Magistrate Judge declined to consider the Arbitration Agreement because it "is not attached to or referenced in the

5

Plaintiff's Complaint." (ECF No. 19 at 113.) She recommends denying Fujitsu's Motion to Dismiss without prejudice so that it can "be refiled as a Motion for Summary Judgment at the conclusion of the discovery period." (Id. at 115.)

Consideration of a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(c) is confined to the pleadings.[1] See Jones v. City of Cincinnati, 521 F.3d 555, 562 (6th Cir. 2008) (holding that consideration of matters outside the pleadings requires conversion of the Rule 12(b)(6) motion to dismiss to a motion for summary judgment) (citing Fed. R. Civ. P. 12(d)); see also Max Arnold & Sons, LLC v. W.L. Hailey & Co., 452 F.3d 494, 503 (6th Cir. 2006) (holding same in context of Rule 12(c) motion to dismiss). Assessing the facial sufficiency of a complaint ordinarily must be undertaken without resort to matters outside the pleadings. Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010). "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); see also Koubriti v. Convertino, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint

---

[1] An answer is a pleading under the Federal Rules of Civil Procedure. Talmer Bank & Tr. v. Malek, 651 F. App'x 438, 441 (6th Cir. 2016) (citing Fed. R. Civ. P. 7(a)(2)).

6

or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." Commercial Money Ctr., 508 F.3d at 335–36.

When a party moves to compel arbitration at the motion to dismiss stage, "it is beyond question that a court . . . is not constrained to consider only the allegations of plaintiff's complaint." Powers v. Charles River Labs., Inc., No. 16-CV-13668, 2017 WL 4324942, at *4 (E.D. Mich. Sept. 29, 2017); see Fason v. Terminix, No. 2:13-CV-2978-SHL-CGC, 2014 WL 4181593, at *6 (W.D. Tenn. Aug. 20, 2014) (concluding it is "'proper for this court to consider matters outside the pleadings'" for motions to compel arbitration at the motion to dismiss stage (quoting Nexteer Auto. Corp. v. Korea Delphi Auto. Sys. Corp., No. 13-CV-15189, 2014 WL 562264, at *5 (E.D. Mich. Feb. 13, 2014)). Looking beyond the pleadings is necessary because a motion to compel arbitration calls into question the Court's subject-matter jurisdiction. The Court must "undertake a limited review of evidence to determine whether it has the authority to hear a case or compel arbitration." Andrews v. TD Ameritrade, Inc., 596 F. App'x 366, 371 (6th Cir. 2014) (citing Javitch v. First Union Secs., Inc., 315 F.3d 619, 625–26 (6th Cir. 2003)).

Fujitsu's Motion to Dismiss does not clearly state the federal rule on which it relies. Nevertheless, consideration of the Arbitration Agreement is both necessary and appropriate.

Fujitsu alleges in its Answer that "Plaintiff's claims are subject to a final and binding arbitration pursuant to a signed, written agreement to arbitrate disputes (copy attached as Exhibit 1) and only the arbitrator may exercise jurisdiction over Plaintiff's claims." (ECF No. 8 ¶ 2.) Attached to Fujitsu's Answer is a copy of the Arbitration Agreement. (ECF No. 8-1.) The Arbitration Agreement is referenced in and attached to the pleadings, and thus can be considered in deciding Fujitsu's Motion to Dismiss. Fujitsu's objection to the Magistrate Judge's conclusion that the Arbitration Agreement could not be considered because it was not a part of the pleadings is well-taken. That portion of the Report is REJECTED.

**C. Enforceability of Arbitration Agreement**

The Arbitration Agreement may be considered in deciding Fujitsu's Motion to Dismiss. The Court must determine whether it is enforceable.

"Any doubts about whether an [arbitration] agreement is enforceable, including defenses to arbitrability, should be

8

resolved in favor of arbitration." Johnson v. Long John Silver's Rests., Inc., 320 F.Supp.2d 656, 663 (M.D. Tenn. 2004) (internal citation omitted); see EEOC v. Waffle House, Inc., 534 U.S. 279, 289 (2002) (holding that the Federal Arbitration Act ("FAA") strongly favors arbitration). "In deciding whether to compel arbitration of a federal statutory claim, we first consider whether the statutory claim is generally subject to compulsory arbitration. If the claim is not exempt from arbitration, we must then consider whether the arbitration agreement is valid." Morrison v. Circuit City Stores, Inc., 317 F.3d 646, 665 (6th Cir. 2003) (citing Floss v. Ryan's Family Steak Houses, Inc., 211 F.3d 306, 311 (6th Cir. 2000)). "[A]bsent a showing of fraud, duress, mistake, or some other ground upon which a contract may be voided, a court must enforce a contractual agreement to arbitrate." Haskins v. Prudential Ins. Co. of Am., 230 F.3d 231, 239 (6th Cir. 2000).

The Arbitration Agreement here was signed by Harris on August 4, 2008. (ECF No. 8-1 at 26.) It provides:

> If there is any dispute with [Fujitsu], in any way arising out of the termination of your employment, any demotion, or arising out of any claim of discrimination, unlawful harassment including sexual harassment, . . . or violations of public policy, or as to all the preceding any related claims of defamation or infliction of emotion distress, you and [Fujitsu] agree to waive their respective right to a jury or judge trial and to instead submit all such disputes exclusively to final and binding arbitration

pursuant to the provisions of the Federal Arbitration Act.

(Id. at 20.) The Arbitration Agreement further provides that it "does not prohibit . . . filing any claim, complaint, or petition with the Equal Employment Opportunity Commission ("EECO"), or similar state agency. Any right to sue letter issued by the EEOC or such agency, shall mean a right to proceed to arbitration under this Agreement." (Id.) The claim is arbitrable.

The parties do not dispute that they agreed to arbitrate certain claims under the Arbitration Agreement or that the scope of the Arbitration Agreement extends to Harris's Title VII claims. There is no showing of fraud, duress, mistake, or some other ground on which a contract may be void. The Arbitration Agreement is valid.

The Court "must enforce the contractual agreement to arbitrate." Haskins, 230 F.3d at 239. The Arbitration Agreement is enforceable. Fujitsu's Motion to Dismiss is GRANTED.

## IV. Conclusion

For the foregoing reasons, the Report is ADOPTED in part and REJECTED in part. Harris's motions to amend are DENIED.

Fujitsu's Motion to Dismiss is GRANTED.  Harris's complaint is DISMISSED.


So ordered this 9th day of March, 2018.

                                  */s/ Samuel H. Mays, Jr.*
                                  SAMUEL H. MAYS, JR.
                                  UNITED STATES DISTRICT JUDGE